[Cite as *State v. Alredge*, 2012-Ohio-414.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                     :

    Plaintiff-Appellee       :     C.A. CASE NO. 24755

vs.                          :     T.C. CASE NO. 2010CR0096

JAMES T. ALREDGE            :     (Criminal Appeal from
                                     Common Pleas Court)
    Defendant-Appellant     :

. . . . . . . . .

O P I N I O N

Rendered on the 1st day of February, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Johnna M. Shia, Asst. Pros. Attorney, Atty. Reg. No. 0067685, P.O. Box 972, Dayton, OH 45422
    Attorneys for Plaintiff-Appellee

Kristopher A. Haines, Atty. Reg. No. 0080558, Asst. State Public Defender, 250 E. Broad Street, Suite 1400, Columbus, OH 43215
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, James Alredge, appeals from his conviction for failure to notify of a change of address.

{¶ 2} In 2004, Alredge was adjudicated a delinquent child in Montgomery County Juvenile Court on a finding that he engaged in conduct which would constitute the offense of rape if committed

by an adult. The Juvenile Court ordered Alredge confined at the Department of Youth Services (DYS) for a period of twelve months, not to exceed age twenty-one, to run consecutive to other sentences for other offenses, which resulted in a sentence of confinement of twenty-four months. The Juvenile Court notified Alredge that the court would hold a sex offender classification hearing prior to his release from DYS. R.C. 2152.83(A). Alredge did not appeal his delinquency adjudication and disposition.

{¶ 3} On April 7, 2008, the Juvenile Court held a sex offender classification hearing for Alredge. By that time, Ohio's version of the Adam Walsh Act, S.B. 10, which replaced the prior Megan's Law provisions concerning sex offender classification and registration, was in effect. The Juvenile Court classified Alredge as a Tier III sex offender based upon his delinquency adjudication for rape. That classification required Alredge to register his address for the remainder of his lifetime and verify his residence address with the sheriff every ninety days. R.C. 2950.05(B)(1); 2950.06(B)(3). Alredge did not appeal his sex offender classification.

{¶ 4} Between October 19, 2009, and January 9, 2010, Alredge failed to notify the Montgomery County Sheriff's Office of his change of address. Alredge was indicted on January 14, 2010, on one count of failure to notify in violation of R.C. 2950.05(A),

(F)(1). The offense is a felony of the first degree under S.B. 10, because Alredge's underlying delinquency adjudication for rape is a first degree felony. R.C. 2950.99(A)(1)(a)(ii). Following a bench trial on March 23, 2010, Alredge was found guilty of failure to notify.

{¶ 5} On March 29, 2010, the trial court sentenced Alredge to the minimum sentence for a first degree felony offense of three years in prison. Alredge did not timely perfect a direct appeal. On August 3, 2011, Alredge filed a motion for leave to file a delayed appeal from his conviction and sentence for failure to notify. We granted Alredge's motion for leave to file a delayed appeal on August 26, 2011.

ASSIGNMENT OF ERROR

{¶ 6} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ENTERED A JUDGMENT OF CONVICTION AND SENTENCED MR. ALREDGE TO A THREE-YEAR PRISON TERM FOR VIOLATING THE STATUTES IMPOSING CERTAIN RESTRICTIONS ON HIM AS A TIER III SEX OFFENDER, IN VIOLATION OF MR. ALREDGE'S RIGHTS UNDER THE FIFTH, SIXTY, AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION, AND SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION."

{¶ 7} Alredge argues that the trial court erred by both convicting and sentencing him to three years in prison for failure

to provide notice of his change of address because that offense resulted from his unconstitutional classification under S.B. 10 as a Tier III sex offender.

{¶ 8} Initially, we note that this case does not involve an unconstitutional reclassification of Alredge pursuant to R.C. 2950.031 and 2950.032. Those sections required the attorney general to reclassify under S.B. 10 sex offenders who had already been classified by court order under the former Megan's Law. Alredge was never classified as a sex offender under the former Megan's Law by any court prior to the enactment of S.B. 10 in 2007. Therefore, *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, does not apply.

{¶ 9} The statutory scheme in effect for the classification of sex offenders at the time Alredge committed the offense of rape and was adjudicated a delinquent child in 2004 was Ohio's version of Megan's Law, H.B. 180, which was enacted in 1996 and amended in 2003 by S.B.5. The statutory scheme for the classification of sex offenders currently in effect when Alredge was classified a Tier III offender, Ohio's version of the Adam Walsh Act, S.B. 10, was enacted in 2007. It creates substantial changes by imposing stricter reporting and registration requirements and it imposes them for a longer period of time.

{¶ 10} In considering whether the changes to the reporting and

registration requirements brought about by S.B. 10 could be applied to persons whose crime was committed prior to the enactment of S.B. 10, the Ohio Supreme Court has held that the application of S.B. 10 to a sex offender whose crime was committed prior to the enactment of S.B. 10 violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374. The Ohio Supreme Court subsequently applied its holding in *Williams* to juvenile sex offenders whose offenses occurred prior to the enactment of S.B. 10. See: *In re: D.J.S.*, 130 Ohio St. 3d 257, 2011-Ohio-5342.

{¶ 11} Because Alredge's rape-based delinquency adjudication occurred in 2004, before the enactment of S.B. 10, the provisions of S.B. 10 cannot be applied to Alredge. *Williams; In re D.J.S.* Instead, Alredge's sex offender classification must be determined based upon the former Megan's Law that was in effect at the time of Alredge's offense in 2004. Furthermore, Williams applies to Alredge despite his failure to challenge his classification under S.B. 10 in a direct appeal. See: *State v. Eads*, 2nd Dist. Montgomery No. 24696, 2011-Ohio-6307 at ¶ 23.

{¶ 12} The State argues that Alredge cannot through his present appeal from a failure to register offense collaterally attack his 2008 classification as a Tier III sex offender because he took

no appeal from that classification, and the issue of his classification is therefore barred as res judicata. In order for res judicata to apply, there must be a "valid" prior judgment. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379. Alredge's 2008 classification was pursuant to a statute which the Supreme Court has held violates Section 28, Article II of the Ohio Constitution, *In re: D.J.S.*, which provides that the General Assembly "shall have no power to pass retroactive laws." Alredge's 2008 classification was therefore void. *State v. Pritchett*, Montgomery App. No. 24183, 2011-Ohio-5978. Being void, the 2008 classification is not a "valid" prior judgment for purposes of res judicata. *Grava*.

{¶ 13} Per *Williams*, the retroactive application of S.B. 10 to Alredge is a nullity, and Alredge's classification thereunder as a Tier III sex offender is void. *Eads*. The prosecution of Alredge for failure to notify the sheriff of a change of his address was based upon that unconstitutional classification. As a result, Alredge cannot be prosecuted for failure to notify the sheriff of his new address as a Tier III sex offender. *Eads*.

{¶ 14} Finally, we cannot conclude that Alredge's conviction for failing to notify the sheriff of a change of address is proper on the ground that Alredge would have been required to notify the sheriff of a change of his address under the former Megan's Law.

Pursuant to R.C. 2152.83(A), the juvenile court did not classify Alredge as a sex offender at the time of his delinquency adjudication in 2004, but rather waited until April 2008, after Alredge's release from confinement at DYS. By that time, S.B. 10 was in effect and the juvenile court classified Alredge under that law as a Tier III offender. Unlike the sex offenders in *State v. Milby*, 2nd Dist. Montgomery No. 23798, 2010-Ohio-6344; *State v. Johnson*, 2nd Dist. Montgomery 24029, 2011-Ohio-2069; and *State v. Alexander*, 2nd Dist. Montgomery No. 24119, 2011-Ohio-4015, but like the juvenile offender in *Eads*, Alredge has never been classified as a sexually oriented offender, habitual sex offender, or sexual predator under Megan's Law, by any court. Accordingly, the registration and reporting requirements under Megan's Law do not apply to Alredge. He cannot therefore be convicted of failing to comply with those requirements under Megan's Law by failing to notify the sheriff of a change of his address. *Eads*. Alredge's conviction for failing to notify the sheriff of a change of his address must be reversed and vacated. *Id*.

{¶ 15} Alredge's sole assignment of error is sustained. The judgment of the trial court will be reversed and vacated.

FROELICH, J., And HALL, J., concur.

Copies mailed to:

Johnna M. Shia, Esq.
Kristopher A. Haines, Esq.
Hon. Frances E. McGee