[Cite as *State v. Carr*, 2012-Ohio-5425.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA3256 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| DAVID L. CARR, | : | |
| | : | **RELEASED 11/21/12** |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Lori J. Rankin, Chillicothe, Ohio, for appellant.

Matthew S. Schmidt, Ross County Prosecutor, and Richard W. Clagg, Ross County Assistant Prosecutor, Chillicothe, Ohio, for appellee.
_____
Harsha, J.

{¶1}   David Carr appeals his conviction for one count of failure to provide notice of a change of residential address in violation of the current version of R.C. Chapter 2950, 2007 Am.Sub.S.B. No. 10 ("S.B. 10").  After Carr was convicted of sexual assault in West Virginia in the 1980s, he was classified as a Tier III sex offender under S.B. 10 when he moved to Ohio in 2008.

{¶2}   Carr contends that his classification violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws. We agree.  Although Carr moved to Ohio after S.B. 10 became effective, his classification is premised on a conviction that occurred long before S.B. 10 took effect. The Supreme Court of Ohio has concluded that S.B. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Ohio's Retroactivity Clause because the act creates and imposes new burdens, duties, obligations, and liabilities

that did not exist at the time those defendants committed their offenses. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, syllabus, ¶ 20. Therefore, we conclude Carr's Tier III classification violates the Retroactivity Clause and is void. Because Carr's prosecution in this case was premised on his unconstitutional classification, we reverse his conviction for failure to provide notice of his change of address and remand so that the trial court can discharge him.

{¶3} Carr's contention that Megan's Law also does not apply to him is not ripe for review because he has never been classified under that law. Moreover, our decision to reverse Carr's conviction renders moot his arguments that the court did not hold a hearing on various motions he filed and erred when it sentenced him.

## I. Facts

{¶4} Although the parties agree Carr was convicted of first degree sexual assault in West Virginia, the record does not include a copy of the judgment entry of conviction. In his appellate brief, Carr contends that he was convicted in 1983, completed his ten-year sentence in 1993, but was not discharged until "on or about July 28, 2008," because he served an additional fifteen years for burglary and robbery convictions. The State does not dispute this timeline. However, the record contains a document titled "Sex Offender Registration And Verification," which indicates he was convicted on January 6, 1984, and discharged "By Expiration of Sentence" on August 10, 2008. This document does not indicate the order in which Carr served his sentences for his various crimes. In any event, after his release in 2008, Carr moved to Ohio, where apparently by operation of law he was classified as a Tier III sex offender under S.B. 10.

{¶5} On April 9, 2010, in case number 10 CR 117, a Ross County grand jury indicted Carr on one count of failure to provide notice of a change of address of residence in violation of R.C. 2950.05, a first degree felony, and other unrelated charges. Seeking dismissal of the failure to notify charge, Carr filed various motions, which the trial court denied. On March 25, 2011, the Ross County grand jury indicted Carr on one count of failure to provide notice of a change of address of residence in violation of R.C. 2950.05, a first degree felony, in case number 11 CR 220. At a hearing, the State informed the court that the indictment in 11 CR 220 was intended as a substitute for the failure to notify count in 10 CR 117. The parties agreed to conduct the trial on the charge under case number 11 CR 220 and that documents filed in 10 CR 117 would be deemed filed in 11 CR 220. After a jury found Carr guilty and the court sentenced him, this appeal followed.

## II. Assignments of Error

{¶6} Carr assigns the following errors for our review:

FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN VIOLATION OF THE DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS OF LAW WHEN THE COURT DENIED A HEARING ON THE DEFENDANT'S MOTION TO DISMISS IN WHICH THE DEFENDANT ASSERTED THAT HE DID NOT HAVE A DUTY TO REGISTER AS A SEXUALLY ORIENTED OFFENDER. (See *State v. Champion*, 2005 Ohio 4098, 106 Ohio St.3d 120).

SECOND ASSIGNMENT OF ERROR

R.C. 2950.04(A)(3) AS APPLIED TO THE DEFENDANT-APPELLANT VIOLATED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS OF LAW, THE RIGHT TO TRAVEL, AND EQUAL PROTECTION OF THE LAWS. (See *Saenz v. Roe*, (1999), 526 U.S. 489).

THIRD ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN VIOLATION OF THE DEFENDANT-
APPELLANT'S RIGHT TO DUE PROCESS OF LAW WHEN THE TRIAL
COURT SENTENCED THE DEFENDANT UNDER THE ADAM WALSH
ACT INSTEAD OF MEGAN'S LAW. (State v. *Williams*, 2011 Ohio 4474,
129 Ohio St.3d 344; State v. Anderson; 2001 Ohio 4015.)

**{¶7}** Carr presents only one argument for all of his assignments of error.

App.R. 16(A)(7) requires separate arguments for each assignment of error. "While

appellate courts may jointly consider two or more assignments of error, the parties do

not have the same option in presenting their arguments." *Keffer v. Cent. Mut. Ins. Co.*,

4th Dist. No. 06CA652, 2007-Ohio-3984, ¶ 8, fn. 2. Thus, we would be within our

discretion to simply disregard his assignments of error and summarily affirm the trial

court's judgment. *Id.*; App.R. 12(A)(2). Nonetheless, we will review his arguments.

### III. Sex Offender Classification

**{¶8}** Because it is dispositive of this appeal, we address Carr's second

assignment of error initially. There, Carr contends that the trial court violated his

constitutional rights to due process of law, to travel, and to equal protection of the law

by applying R.C. 2950.04(A)(3) to him. At first glance, it appears that Carr is

complaining that the court applied the current version of R.C. 2950.04(A)(3) from S.B.

10 to him, which it did not. Our review of the record suggests R.C. 2950.04(A)(4), which

deals with out of state offenders, was applied to Carr, not (A)(3) which deals with

juvenile offenders. However, from his argument, it is clear that Carr is not making this

claim. Instead, his actual argument is broader than the assignment of error suggests.

**{¶9}** Carr claims that he has no duty to register as a sex offender in Ohio. Carr

contends that under Ohio law at the time of his West Virginia conviction, he had no duty

to register. He essentially argues that his Tier III sex offender classification under S.B.

10, which took effect on January 1, 2008, violates Section 28, Article II of the Ohio Constitution's prohibition against the General Assembly passing retroactive laws. Carr also makes various arguments about why he has no duty to register under Megan's Law, which became effective on July 1, 1997, i.e., after the West Virginia conviction but before S.B. 10 took effect. His argument about constitutional rights to travel and equal protection relate to R.C. 2950.04(A)(3) under Megan's Law, not S.B. 10.

{¶10} We agree Carr's classification under S.B. 10 violates Section 28, Article II of the Ohio Constitution. Carr was convicted in West Virginia in 1983 or 1984, approximately 25 years before S.B. 10 took effect. In *Williams*, the Supreme Court held that S.B. 10 creates and imposes new burdens, duties, obligations, and liabilities on persons who committed sex offenses prior to the effective date of the act. *Williams*, *supra*, at ¶ 20. Prior to the enactment of S.B. 10, the Supreme Court characterized R.C. Chapter 2590 as remedial. *Id.* at ¶ 10-11. The *Williams* Court held that with the enactment of S.B. 10, R.C. Chapter 2950 became undoubtedly punitive. *Id.* at ¶ 16. Thus, the Court held that S.B. 10 "as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus.

{¶11} The State correctly points out that the defendant in *Williams* committed his offense in Ohio while Megan's Law was in effect. In contrast, Carr did not move to Ohio until after S.B. 10 took effect. Regardless of when Carr moved to Ohio, S.B. 10 still created and imposed burdens, duties, obligations, and liabilities on him that were different from those he would be subject to under Megan's Law or the law in effect at the time of his West Virginia conviction. Moreover, the Supreme Court broadly stated

its holding in *Williams* – the Court held that S.B. 10, "*as applied to defendants who committed sex offenses prior to its enactment*, violates Section 28, Article II of the Ohio Constitution * * * *." (Emphasis added). *Id.* Because Carr committed his sex offense prior to S.B. 10's enactment, his Tier III sex offender classification under S.B. 10 violates Ohio's Retroactivity Clause and is void.[1] *See State v. Eads*, 197 Ohio App.3d 493, 2011-Ohio-6307, 968 N.E.2d 18 (2nd Dist.), ¶ 24 (declaring classification that violated Retroactivity Clause void); *State v. McMullen*, 8th Dist. Nos. 97475 & 97476, 2012-Ohio-2629 (affirming trial court's decision to invalidate S.B. 10 classification of defendant convicted of sex offense in 1998 who moved to Ohio and registered his address with a local sheriff's office after the act took effect, based in part on *Williams*). *But see State v. Hailes*, 6th Dist. No. WD-11-001, 2012-Ohio-3111 (rejecting argument that S.B. 10 could not be applied to a defendant convicted in Michigan prior to its enactment who moved to Ohio after its enactment).

**{¶12}** Carr's prosecution for failure to notify the sheriff's office of his new address was based on his S.B. 10 classification. *See Eads* at ¶ 24. An unlawful classification "'cannot serve as the predicate for the crime for which [the defendant] was indicted and convicted.'" *State v. Kempson*, 8th Dist. Nos. 97409 & 97410, 2012-Ohio-1954, ¶ 13, quoting *State v. Ogletree*, 8th Dist. No. 96438, 2011-Ohio-5846, ¶ 8. Thus, Carr was improperly prosecuted in this case as a Tier III offender. *See Eads* at ¶ 24; *State v. Alredge*, 2nd Dist. No. 24755, 2012-Ohio-414, ¶ 13.

**{¶13}** We recognize that the issue of whether a court of appeals can affirm a conviction under Megan's Law when the defendant was prosecuted under S.B. 10 is

---

[1] And though Carr does not specifically raise the issue, application of S.B. 10's version of R.C. 2950.04(A)(4) to him apparently would likewise violate Ohio's Retroactivity Clause under the broad language of the *Williams* syllabus.

currently pending before the Supreme Court of Ohio in 2011-1066, *State v. Brunning*, 8th Dist. No. 95376, 2011-Ohio-1936. *State v. Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, ¶ 8, fn. 1. We cannot conclude that Carr's conviction is proper on the ground that he would have been required to notify the sheriff of a change of address under Megan's Law. Carr has never been classified as a sexually oriented offender, habitual sexual offender, or sexual predator under Megan's Law. Thus, the registration and reporting requirements under that law do not currently apply to him. *Alredge*, *supra*, at ¶ 14. "He cannot therefore be convicted of failing to comply with those requirements under Megan's Law by failing to notify the sheriff of a change of his address." *Id.*

**{¶14}** If the State later attempts to classify Carr under Megan's Law, he can make his arguments opposing classification at that time. At this time, his arguments against a Megan's Law classification are not ripe for review. *See In re Arnott*, 190 Ohio App.3d 493, 2010-Ohio-5392, 942 N.E.2d 1124 (4th Dist.), ¶ 22 (explaining that for a justiciable question to exist, the danger to the complaining party must be present, not contingent on the occurrence of hypothetical future events).

**{¶15}** We sustain the second assignment of error to the extent Carr contends that his S.B. 10 classification violates Ohio's Retroactivity Clause. Because his conviction in this case is premised on an unconstitutional classification, we reverse it and remand so that the trial court can discharge him. His Megan's Law arguments are not ripe. Moreover, our resolution of the second assignment of error renders the first and third assignments of error moot, so we need not address them.

JUDGMENT REVERSED
AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, P.J. & Kline, J.: Concur in Judgment and Opinion.


For the Court


_____
William H. Harsha, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**