[Cite as *Carr v. State*, 2015-Ohio-3895.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
VINTON COUNTY

| | | |
|---|---|---|
| DAVID L. CARR, | : | Case No. 14CA697 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| STATE OF OHIO, | : | |
| Defendant-Appellee. | : | RELEASED 09/18/2015 |

<u>APPEARANCES</u>:

Joseph J. Triscaro and Scott M. Kuboff, DeMarco & Triscaro, Ltd., Solon, Ohio, for appellant.

Michael DeWine, Ohio Attorney General, and Debra Gorrell Wehrle, Assistant Ohio Attorney General, Columbus, Ohio, for appellee.

Hoover, P.J.

{¶1} On January 13, 2015, we consolidated this appeal with Ross No. 14CA3468 for purposes of oral argument and decision. Consolidation was done at the request of the parties, and due to the similarity of the facts and issues raised on appeal. The decision and judgment entry issued herein is identical to the decision and judgment entry issued in Ross No. 14CA3468 with minor exceptions to the case caption and judgment entry.

{¶2} In these consolidated cases plaintiff-appellant, David L. Carr, appeals from the trial court decisions granting summary judgment in favor of defendant-appellee, the State of Ohio, as to his complaints for a determination that he was a wrongfully-imprisoned individual pursuant to R.C. 2743.48. Carr contends that the trial courts erred by granting the state's motions for summary judgment and in not finding that he was a "wrongfully imprisoned individual"

pursuant to R.C. 2743.48(A). Finding no merit to his appeals, we affirm the judgments of the trial courts.

## I. FACTS AND PROCEDURAL HISTORY

### A. Background

{¶3}    In the early 1980s, Carr was convicted of a first-degree sexual assault, along with other offenses in West Virginia. His complete sentence in that matter was as follows: Count I, Sexual Assault, ten (10) to twenty (20) years to be served concurrent with Count II; Count II, Nighttime Burglary, one (1) to fifteen (15) years to be served concurrent with Count I; Count III, Aggravated Robbery, thirty (30) years to be served concurrent with Count IV but consecutive to Counts I and II; and Count IV, Aggravated Robbery, thirty (30) years to be served concurrent with Count III but consecutive to Counts I and II. At the time of Carr's conviction and sentence, West Virginia apparently did not have any type of sex offender registration law. After serving his sentence, Carr was released from prison in the summer of 2008. Upon his release from prison, Carr signed a "Notification of Sex Offender Responsibility" form, acknowledging that he must register as a sex offender in West Virginia or any other state to which moved. Thereafter, Carr moved to Ohio and was classified as a Tier III sex offender under 2007 Am.Sub.S.B. No. 10 ("S.B. 10"), Ohio's version of the Adam Walsh Act ("AWA").

### B. The Ross County Conviction and Reversal on Appeal

{¶4}    On April 9, 2010, in case number 10 CR 117, a Ross County grand jury indicted Carr with one count of failure to notify of an address change, in violation of R.C. 2950.05, a first-degree felony, and other unrelated charges. The indictment alleged that Carr was a sexually oriented offender, having been convicted in West Virginia of sexual assault, and was required to register as a sex offender under R.C. 2950.04(A)(4). Carr filed various motions seeking dismissal

of the failure to notify charge, which the trial court denied. On March 25, 2011, the Ross County grand jury indicted Carr on one count of failure to notify of an address change, in violation of R.C. 2950.05, a first-degree felony, in case number 11 CR 220. At a hearing, the state informed the trial court that the indictment in 11 CR 220 was intended as a substitute for the failure to notify count in 10 CR 117. The parties agreed to conduct the trial on the charge under case number 11 CR 220 and that documents filed in 10 CR 117 would be deemed filed in 11 CR 220. Following a jury trial, Carr was convicted on the failure to notify charge and the trial court sentenced him to a term of imprisonment.

{¶5}     On appeal to this court, Carr challenged his conviction and alleged that he did not have a duty to register as a sex offender in Ohio. Specifically, Carr argued that his classification as a Tier III sex offender in Ohio violated Ohio's Retroactivity Clause because under Ohio law at the time of his West Virginia conviction, he had no duty to register. In a unanimous decision, we held that because Carr committed his sex offense prior to S.B. 10's enactment, his Tier III sex offender classification was unconstitutional, in that it violated Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws. *State v. Carr*, 4th Dist. Ross No. 11CA3256, 2012-Ohio-5425, ¶ 10, 15 ("*Carr I*"), citing *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, syllabus. We further determined that because Carr's prosecution for failure to notify the sheriff's office of his new address was based on his unconstitutional S.B. 10 classification, he was improperly prosecuted as a Tier III offender; and his conviction was reversed. *Id*. at ¶¶ 12, 15.

*C. The Vinton County Conviction and Reversal on Appeal*

{¶6}     On April 7, 2010, a Vinton County grand jury indicted Carr with one count of failure to notify of an address change, in violation of R.C. 2950.05, a first-degree felony. The

indictment alleged that Carr was a sexually oriented offender, having been convicted in West Virginia of sexual assault, and was therefore required to register as a sex offender under R.C. 2950.04(A)(4) and failed to notify the Vinton County Sheriff at least 20 days prior to changing his residential address. Carr filed a pro se motion to dismiss the indictment claiming that he did not have a duty to register as a sex offender under R.C. 2950.04. After the trial court denied the motion, Carr pleaded no contest to failure to notify of an address change, in violation of R.C. 2950.05(F)(2), a third-degree felony. The trial court found him guilty and sentenced Carr to two years imprisonment.

{¶7}     On appeal to this court, Carr challenged his conviction and alleged that he did not have a duty to register as a sex offender in either Ohio or West Virginia. Specifically, Carr argued that because he committed his underlying offense (the West Virginia sexual assault) before the 2007 enactment of the AWA, the act did not apply to him. In a two-to-one decision, we reversed Carr's conviction and held that "[b]ecause Carr committed his underlying offense before the effective date of the Adam Walsh Act and [has] never been classified [as a sexual offender] under Megan's Law, his prosecution for failure to notify of an address change violates Ohio's Retroactivity Clause and the trial court erred by not dismissing the indictment against him." *State v. Carr*, 4th Dist. Vinton No. 12CA686, 2013-Ohio-605, ¶ 16 ("*Carr II*"). We cited the Ohio Supreme Court decisions in *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, ¶ 25, and *Williams*, *supra*, at ¶ 21, and noted that the Court unequivocally held that Ohio's Retroactivity Clause, found in Section 28, Article II of the Ohio Constitution, forbids the application of the AWA to any offenses committed before the law's enactment. *Id*. at ¶ 11. We also noted that because the Court broadly stated that it is unconstitutional to apply the AWA to

any defendant who committed his offense prior to the act's effective date, Carr could not be

prosecuted under R.C. 2950.04(A)(4). *Id*. at ¶ 13.

*D. The Wrongful Imprisonment Cases*

{¶8}     After his release, Carr filed actions for declaratory judgment pursuant to R.C.

2743.48 in the Ross County Court of Common Pleas and the Vinton County Court of Common

Pleas, seeking a determination that he was a wrongfully-imprisoned individual. Carr and the state

both moved for summary judgment in each respective case. The trial courts each overruled Carr's

motion and granted the state's motion, thereby dismissing the actions. It is from these judgments

that Carr appeals.

## II. ASSIGNMENTS OF ERROR

{¶9}     Carr assigns the following errors for our review:

1. The trial court erred in denying Plaintiff-Appellant's motion for summary

judgment as, even in viewing the evidence in the light most favorable to the

Defendant-Appellee, there are no genuine issues of material fact in dispute as

Plaintiff-Appellant had no duty to register as a sex offender in Vinton County,

Ohio, and therefore, he is entitled to be declared as a wrongfully imprisoned

person pursuant to R.C. § 2743.48.

2.  The trial court erred in granting Defendant-Appellee's motion for summary

judgment as, in light of this Honorable Court's holdings in State v. Carr, 4th Dist.

No. 12-CA-686, 2013-Ohio-605, and State v. Carr, 4th Dist. No. 11CA3256,

2012-Ohio-5425, and other evidence presented, there are genuine issues of

material fact in dispute concerning whether or not Plaintiff-Appellant was

required to register as a sexual offender in Vinton County, Ohio, and, therefore,

Plaintiff-Appellant's claims should be resolved by the trier of fact at trial.

### III. LAW AND ANALYSIS

{¶10}    Because Carr's assigned errors are interrelated, we address them jointly.

Together they contend that the trial courts erred by granting the state's motions for summary

judgment and in not finding that he was a "wrongfully imprisoned individual" pursuant to R.C.

2743.48(A).

### A. Summary Judgment Standard of Review

{¶11}    We review the trial court's decision on a motion for summary judgment de novo.

*Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12.  Accordingly, we

afford no deference to the trial court's decision and independently review the record and the

inferences that can be drawn from it to determine whether summary judgment is appropriate.

*Harter v. Chillicothe Long-Term Care, Inc.*, 4th Dist. Ross No. 11CA3277, 2012-Ohio-2464, ¶

12; *Grimes v. Grimes*, 4th Dist. Washington No. 08CA35, 2009-Ohio-3126, ¶ 16.

{¶12}    Summary judgment is appropriate only when the following have been

established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is

entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one

conclusion, and that conclusion is adverse to the nonmoving party.  Civ.R. 56(C); *DIRECTV,*

*Inc. v. Levin*, 128 Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 15.  In ruling on a motion

for summary judgment, the court must construe the record and all inferences therefrom in the

nonmoving party's favor.  Civ.R. 56(C).  The party moving for summary judgment "bears the

initial responsibility of informing the trial court of the basis for the motion, and identifying those

portions of the record before the trial court which demonstrate the absence of a genuine issue of

fact on a material element of the nonmoving party's claim." *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); *Dresher* at 293. Moreover, the trial court may consider evidence not expressly mentioned in Civ.R. 56(C) if such evidence is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Discover Bank v. Combs,* 4th Dist. Pickaway No. 11CA25, 2012–Ohio–3150, ¶ 17; *Wagner v. Young,* 4th Dist. Athens No. CA1435, 1990 WL 119247, *4 (Aug. 8, 1990). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Dresher* at 293. However, once the initial burden is met, the nonmoving party then has a reciprocal burden to set forth specific facts to show that there is a genuine issue for trial. *Id.;* Civ.R. 56(E).

*B. Wrongfully-Imprisoned Individual*

{¶13}    "The wrongful-imprisonment statute, R.C. 2743.48, was added to the Revised Code in 1986 by Sub.H.B. No. 609 to authorize civil actions against the state, for specified monetary amounts, in the Court of Claims by certain wrongfully imprisoned individuals." (Quotation omitted.) *Doss v. State,* 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, ¶ 10. "The statute was designed to replace the former practice of compensating those wrongfully imprisoned by ad hoc moral-claims legislation." *Id.,* citing *Walden v. State,* 47 Ohio St.3d 47, 49, 547 N.E.2d 962 (1989). When the General Assembly enacted the current statutory scheme, it "intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability." *Walden* at 52; *see also State*

*v. Moore*, 165 Ohio App.3d 538, 2006-Ohio-114, 847 N.E.2d 452, ¶ 14 (4th Dist.) ("The wrongful imprisonment statutes were intended to compensate the innocent for wrongful imprisonment. They were never intended, however, to compensate those who had merely avoided criminal liability.") (Quotation omitted.).

{¶14}    Under Ohio law, a person claiming wrongful imprisonment must follow a two-step process. *Griffith v. Cleveland*, 128 Ohio St.3d 35, 2010-Ohio-4905, 941 N.E.2d 1157, paragraph two of the syllabus. The first action, in the common pleas court, seeks a preliminary determination that he or she is a wrongfully-imprisoned individual entitled to compensation. *Id.* The second action, in the Court of Claims, provides for damages. *Id.*

{¶15}    A "wrongfully imprisoned individual" is defined in R.C. 2743.48(A) as an individual who satisfies each of the following requirements:

(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right

or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶16}    In *Doss v. State, supra*, at paragraph one of the syllabus, the Ohio Supreme Court stated that: "One who claims to be a 'wrongfully imprisoned individual' under R.C. 2743.48 must prove all of the factors in R.C. 2743.48(A) by a preponderance of the evidence before seeking compensation from the state for wrongful imprisonment." Turning to the instant case, it is undisputed that Carr meets the first three prongs of the statute. In its summary judgment motions, the state argued that Carr could not establish the fourth and fifth prong of the wrongful imprisonment statute, R.C. 2743.48(A)(4) and (5), and therefore, it was entitled to summary judgment as a matter of law. Carr, on the other hand, argued in his motions that he had established all of the factors enumerated in R.C. 2743.48(A), and thus he was entitled to summary judgment. The state raises the same arguments here as it did below. Carr also makes similar arguments on appeal, but adds that should he not be entitled to summary judgment, genuine issues of material fact make the state's summary judgment awards improper. Because

our conclusion with respect to R.C. 2743.48(A)(5) is dispositive, we will not address R.C.

2743.48(A)(1) through (4).[1]

{¶17}    "The fifth factor of R.C. 2743.48(A) may be fulfilled in one of two ways: (1)

subsequent to sentencing and during or subsequent to imprisonment, 'an error in procedure

resulted in the individual's release' or (2) the charged offense (and any lesser included offense)

was not committed by the individual or no crime was committed at all (actual innocence)." *Doss*

at ¶ 12. In the consolidated cases, Carr has not alleged a procedural error subsequent to

sentencing, or during or subsequent to imprisonment. Accordingly, we will focus on Carr's claim

of actual innocence.

{¶18}    While the consolidated appeals were pending, the Ohio Supreme Court released

its decision in *Bundy v. State*, 143 Ohio St.3d 237, 2015-Ohio-2138, 36 N.E.3d 158. In *Bundy*,

the Court held that: "A claimant seeking a declaration that he is a wrongfully imprisoned

individual does not satisfy the actual-innocence standard of R.C. 2743.48(A)(5) by showing that

his conviction was reversed solely because the statute describing the offense could not be

enforced on constitutional grounds." *Id*. at syllabus.

{¶19}    In *Bundy,* the state appealed the determination that David Bundy, the claimant,

was a wrongfully-imprisoned individual. *Id*. at ¶¶ 10, 13. Bundy had previously been classified

as a sexually oriented offender under Megan's Law; thus requiring that he register with the

sheriff in the county of his residence, and that he verify his address in October of every year. *Id*.

at ¶ 3. In 2007, the General Assembly repealed Megan's Law, effective January 1, 2008, and

replaced it with Ohio's version of the AWA (codified at R.C. Chapter 2950). *Id*. at ¶ 5. The new

standards for sex-offender classification and registration under the AWA were to be applied

---

[1] In the Ross County case, the trial court determined that Carr could not satisfy the fourth factor, aka R.C. 2743.48(A)(4). Meanwhile, in the Vinton County case, the trial court determined that Carr could not satisfy the fifth factor, aka R.C. 2743.48(A)(5).

retroactively, and the attorney general's office was charged with reclassifying all previously convicted sex offenders in conformity with the tiered system of the AWA. *Id*., citing R.C. 2950.031 and R.C. 2950.032. As a result, at the end of 2007 Bundy was reclassified as a Tier II sex offender. *Id*. Under this classification, Bundy's obligation under R.C. 2950.06 to periodically verify his address increased from a frequency of once every year to once every 180 days. *Id*.

{¶20}   After Bundy failed to timely verify his address under the new AWA standards, he was charged with a third-degree felony violation of R.C. 2950.06. *Id*. at ¶ 6. Following a bench trial, Bundy was convicted and sentenced to three years in prison. *Id*. The Second District Court of Appeals affirmed his conviction on appeal, holding that the reclassification provisions and new registration requirements were constitutionally sound. *Id*. at ¶ 7. The Ohio Supreme Court accepted Bundy's discretionary appeal and reversed his conviction; noting that his reclassification under the AWA was unconstitutional. *Id*. at ¶¶ 7, 8. In doing so, the Court relied upon its holding in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, that the sex-offender reclassification process of the AWA violated the separation-of-powers doctrine. *Id*. at ¶ 8.

{¶21}   Following the dismissal of his address-verification charge and release from prison, Bundy filed a complaint in the court of common pleas seeking a declaration that he was a wrongfully-imprisoned individual under R.C. 2743.48. *Id*. at ¶ 9. The common pleas court awarded Bundy summary judgment and declared him to be a wrongfully-imprisoned individual on the basis that the invalidation of the AWA's reclassification process on constitutional grounds required the conclusion that no violation of the law had been committed. *Id*. at ¶¶ 9-11. On appeal, the Second District Court of Appeals affirmed the trial court's judgment, holding that Bundy could not have committed the AWA address-verification offense because the offense

itself was a nullity pursuant to *Bodyke*. *Id*. at ¶ 13. The Ohio Supreme Court then accepted the

state's request for discretionary review. *Id*. at ¶ 14.

{¶22}    On appeal to the Ohio Supreme Court, Bundy argued that he was actually

innocent, under R.C. 2743.48(A)(5), because his charged offense – a violation of R.C. 2950.06 –

was predicated upon laws – R.C. 2950.031 and 2950.032 – that were found to be

unconstitutional. *Id*. at ¶ 22. Thus, Bundy asserted that he could not have committed any offense

based on the unconstitutional laws. *Id*. The Court rejected Bundy's arguments noting, "legal

innocence does not translate to a presumption of factual innocence for purposes of R.C.

2743.48(A)(5)". *Id*. at ¶ 21. The Court explained that:

>  [Re]gardless of any legal fiction that might result from the constitutional
>
> invalidation of an offense, the offense itself is not erased from objective reality.
>
> The statute defining Bundy's offense existed as a historical fact, as did Bundy's
>
> act or omission that formed the basis of his criminal charge.

*Id*. at ¶ 29.

{¶23}    The Court then went on to construe R.C. 2743.48(A)(5) and noted that nothing

in the plain language of the statute "indicates an intention to exclude from the term 'offense'

certain kinds of constitutional violations." *Id*. at ¶ 30. The Court noted that if it were to accept

Bundy's position, it would be adding a third criterion to the actual innocence standard: "or the

statute defining the offense was declared unenforceable on constitutional grounds." *Id*. The Court

declined to make such an addition. *Id*. The Court concluded that:

> There is no dispute that despite being put on notice of his new registration
>
> obligations as a Tier II sex offender, Bundy failed to verify his current residence

address with the sheriff on March 14, 2008, thereby violating R.C. 2950.06.

*Bodyke*'s later invalidation of the statutes for reclassifying sex offenders meant

that the increased requirements of R.C. 2950.06 could not be constitutionally

enforced against Bundy, and his conviction for failing to comply with those

requirements was thus reversed. However, the reversal of his conviction on

constitutional grounds does not establish that on March 14, 2008, the violation of

R.C. 2950.06 "was not committed" by Bundy. He therefore fails to satisfy the

innocence standard of the wrongful-imprisonment statute.

*Id*. at ¶ 32. The Court then reversed the judgment of the Second District Court of Appeals and

remanded the cause to the trial court to enter an order of dismissal. *Id*. at ¶ 33.

{¶24}    To show actual innocence under the wrongful-imprisonment statute, Carr must

prove that "the charged offense, including all lesser-included offenses, either was not committed

by [him] or was not committed by any person." R.C. 2743.48(A)(5). The *Bundy* decision now

makes clear that a judgment of acquittal on the grounds that the statute describing the offense

could not be enforced on constitutional grounds is not enough to satisfy the actual innocence

standard of R.C. 2743.48(A)(5) for a claimant seeking a declaration that he is a wrongfully-

imprisoned individual. Rather, the statute requires a showing of innocence to be made

affirmatively and adjudicated de novo before a claimant can be found to be eligible for

compensation in a wrongful imprisonment action. *Doss,* 135 Ohio St.3d 211, 2012-Ohio-5678,

985 N.E.2d 1229, at ¶ 22.

{¶25}    Here, Carr's summary judgment evidence, particularly his reliance on our

decisions in *Carr I* and *Car II*, does not affirmatively prove his innocence of the alleged acts,

failure to notify of an address change, for which his imprisonment was imposed. The fact that the

application of the AWA was declared unconstitutional as to his circumstances does not mean that he did not commit the offense that served as the basis for the imposition of his incarceration. *See Bundy*, *supra*, (determining that a reversal of a conviction due to constitutional infirmity does not necessitate a finding that the claimant is factually innocent). The wrongful imprisonment statute was intended to compensate those who were innocent and wrongfully imprisoned, not those who had merely avoided criminal liability. *Walden*, 47 Ohio St.3d at 52, 547 N.E.2d 962. "Should the General Assembly intend to broaden the criteria to allow defendants in Bundy's [and Carr's] situation to take advantage of R.C. 2743.48, it must do so by enacting new legislation." *Bundy*, 143 Ohio St.3d 237, 2015-Ohio-2138, 36 N.E.3d 158, at ¶ 32.

{¶26}     Because Carr did not affirmatively prove his innocence of the act upon which his imprisonment was imposed, as expressly required by R.C. 2743.48(A)(5), he has failed to prove that he was a "wrongfully imprisoned individual" as that term is defined in R.C. 2743.48. Therefore, Carr is not entitled to summary judgment in his favor.

{¶27}     Carr also argues in his appellate briefs, that a genuine issue of material fact exists which precludes summary judgment in favor of the state. Specifically, Carr contends that when he was convicted of sexual assault in the 1980s, West Virginia law did not require that he register as a sex offender. He also contends that he completed his sexual assault sentence by 1993, prior to any law becoming effective in West Virginia or Ohio, which would have required that he register as a sex offender. Thus, he contends he has no duty to register as a sex offender under R.C. 2950.04(A)(4)[2], Megan's Law, or any West Virginia law and is actually innocent of the charged offenses that resulted in his imprisonment. At the very least, he contends the

_____

[2] R.C. 2950.04(A)(4) provides: "Regardless of when the sexually oriented offense was committed, each person who is convicted, pleads guilty, or is adjudicated a delinquent child in a court in another state * * * for committing a sexually oriented offense shall comply with the following registration requirements if, at the time the offender or delinquent child moves to and resides in this state * * * the offender or delinquent child has a duty to register as a sex offender or child-victim offender under the law of that other jurisdiction as a result of the conviction, guilty plea, or adjudication[.]

evidence conflicts with evidence provided by the state, thus creating a question of fact of whether he was required to register as a sex offender.

{¶28}    While Carr's argument is creative, we note that he raises it for the first time on appeal. It is well-settled law in Ohio that appellate courts will not consider as error issues that are raised for the first time on appeal. *Schade v. Carnegie Body Co.,* 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982); *see also Ohio Performance, Inc. v. Nelson,* 4th Dist. Scioto No. 94CA2226, 1995 WL 103634, *3 (Mar. 7, 1995) ("It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. * * * Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process."). Here, in support of his motions for summary judgment, and in opposition to the state's cross-motions for summary judgment, Carr relied exclusively on our decisions in *Carr I* and *Carr II* for his proposition that he had proved actual innocence under R.C. 2743.48(A)(5). Never did Carr raise the arguments that he now raises. Thus, Carr has waived those arguments and we cannot consider them for the first time on appeal.

{¶29}    Even if Carr has not waived the argument, the state provided summary judgment evidence indicating that Carr is required to register as a sex offender in West Virginia and any other state in which he resides. In addition to the "Notification of Sex Offender Responsibility" form, which was signed by Carr and acknowledges that he must register as a sex offender in West Virginia or any other state that he resides, the state also introduced a copy of W. Va. Code, § 15-12-2. The code section, which expressly states that it is to be applied retroactively and prospectively, also indicates that Carr had a duty to register in West Virginia. The state also introduced, as evidence in support of its summary judgment motions, correspondence between Carr and the West Virginia Attorney General and West Virginia State Police. Of particular note,

an agent of the West Virginia State Police responded to Carr's inquiry as to his duty to register should he move to another state, by not only informing him of his lifetime duty to register in West Virginia as a sex offender, but also that he was required to register as a sex offender in the state in which he resided. The West Virginia State Police supported its proposition by expressly citing the retroactive nature of W. Va. Code, § 15-12-2. Carr contends on appeal that W. Va. Code, § 15-12-2 does not apply to him because he was convicted of sexual assault and allegedly completed his sexual assault sentence prior to the statute's enactment. However, this argument fails to rebut the express language of the statute, which indicates that it applies retroactively and prospectively. Thus, even if Carr has not waived the argument by raising it for the first time on appeal, there does not appear to be a genuine issue of material fact regarding his duty to register as a sex offender.

{¶30}    Finally, Carr argues the state's summary judgment evidence, including the "Notification of Sex Offender Responsibility" form, the copy of W. Va. Code, § 15-12-2, and his correspondence with the West Virginia authorities is improper summary judgment evidence under Civ. 56(C) because the exhibits were not properly authenticated and were unsworn.

{¶31}    Even if we were to assume, arguendo, that the exhibits were not proper Civ.R. 56(C) evidence, and were not incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E), we note that Carr failed to object to the appropriateness of the evidence in the trial court proceedings.[3] In fact, not only did Carr fail to object to the consideration of the state's exhibits; he actually cited one of the state's exhibits to support a proposition of fact made in one of his memorandums in opposition to the state's motions for summary judgment. [*See* OP 21, at

---

[3] Carr's memorandum in opposition to the state's motion for summary judgment in the Ross County case does contend that the "Notification of Sex Offender Responsibility" form is "unauthenticated, unwitnessed, and incomplete". [OP 24, at p. 5 (Ross).] However, Carr never specifically objects to the trial court's consideration of the exhibit, nor did he ever object to the consideration of the state's other summary judgment exhibits.

p. 12 (Vinton).] "Failure to object to the court's consideration of the evidence submitted in support of a motion for summary judgment constitutes waiver of any alleged error in the consideration of the evidence. A trial court may consider evidence other than the evidence specified in Civ.R. 56(C) where no objection has been raised." (Citations omitted.) *Cowen v. Lucas*, 4th Dist. Scioto No. 96CA2456, 1997 WL 362013, *3 (June 30, 1997); *see also Rice v. Lewis*, 4th Dist. Scioto No. 13CA3551, 2013-Ohio-5890, ¶ 23 (holding that appellant's failure to object to improper summary judgment evidence waived any error that the trial court may have committed by considering the evidence). Thus, we reject Carr's argument that it would be improper to consider the state's summary judgment evidence.

## IV. CONCLUSION

{¶32}     "Not every person who is released from prison because of a successful appeal is entitled to compensation. The legislature set forth a procedure for claimants * * * to follow in R.C. 2743.48, so that the common pleas court could actively separate demonstrably innocent persons who have been wrongfully imprisoned from persons who have merely avoided criminal liability. * * * [O]ne who claims to be a 'wrongfully imprisoned individual' under R.C. 2743.48 must prove all of the factors in R.C. 2743.48(A) by a preponderance of the evidence before seeking compensation from the state for wrongful imprisonment." *Doss*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, at ¶ 22.

{¶33}     A claimant, such as Carr, seeking proof of innocence pursuant to R.C. 2743.48(A)(5) may not, as a matter of law, rely solely on an appellate court judgment reversing a felony conviction because the statute describing the offense could not be enforced on constitutional grounds. Thus, Carr is unable to satisfy all the necessary criteria to be declared a wrongfully-imprisoned individual and we overrule his first assignment of error. Moreover, Carr

has failed to demonstrate that a genuine issue of material fact precludes summary judgment in favor of the state. By failing to raise the argument he now raises in the trial court, Carr waived the argument for purposes of his appeal. In any event, the summary judgment evidence establishes that Carr has a duty to register as a sex offender in West Virginia, and thus, he is not factually innocent of the charge for which he was imprisoned. Carr also waived his argument that the state relied on improper summary judgment evidence by failing to object to the trial court's consideration of the evidence. Therefore, we overrule Carr's second assignment of error.

{¶34}    Having determined that there are no genuine issues of material fact, and that the state is entitled to judgment as a matter of law, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds that reasonable grounds exist for this appeal.

It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, A.J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Marie Hoover
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**