DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the State of Ohio ("the State"), appeals from the judgment of the Wayne County Court of Common Pleas, granting Appellee, David Eager's, motion to release him from the registration requirement of the Adam Walsh Act ("AWA"). This Court affirms.
 I {¶ 2} On June 20, 1997, Eager pled guilty to sexual assault in violation of New Hampshire law. That same day, the New Hampshire trial court sentenced Eager, classified him as a sexually oriented offender under Megan's Law, and ordered him to register annually for a period of ten years.
 {¶ 3} Eager moved to Ohio to begin law school in September 1997. On September 16, 1997, he registered as a sex offender with the Cuyahoga County Sheriff's Department. In 1998, he moved to Medina County and continued to fulfill his registration requirements. Eager *Page 2 
believed that his registration duties expired on June 20, 2007; ten years from the date of his conviction and sentence ordering him to register annually for a ten year period.
 {¶ 4} On November 26, 2007, the Ohio Attorney General notified him via regular mail that he would be classified as a Tier I sex offender beginning on January 1, 2008 pursuant to AWA. The letter further notified Eager that his new classification would require him to personally register with his local sheriff's office once a year for a fifteen year period, but that he would receive credit for the period of time that he had already registered. Subsequently, Eager moved to Wayne County and filed a petition on February 14, 2008 in the Wayne County Court of Common Pleas to be released from AWA's registration requirements. On February 20, 2008, the trial court granted Eager's petition.
 {¶ 5} On February 27, 2008, the State filed a motion for relief from judgment because it never received formal notice of a hearing or an opportunity to respond to Eager's petition. The court granted the State's motion for relief and held a hearing on Eager's motion. On July 2, 2008, the court again granted Eager's motion and concluded that he completed his registration requirements on June 20, 2007, ten years from the date of his sentence. The court further held that Eager was not subject to AWA's registration requirements.
 {¶ 6} The State now appeals from the trial court's ruling and raises a single assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING PETITIONER EAGER'S MOTION TO BE RELEASED FROM SEX OFFENDER REGISTRATION REQUIREMENTS IMPOSED UNDER SENATE BILL 10 (ADAM WALSH ACT)." *Page 3 
 {¶ 7} In its sole assignment of error, the State argues that the trial court erred in determining that Eager was not subject to AWA's registration requirements. Specifically, the State argues that: (1) Eager's registration period did not expire until September 16, 2007 because he registered as a sexual offender for the first time in Ohio on September 16, 1997 and never sought credit for the registration period that he completed in New Hampshire; and (2) R.C. 2950.07(E), which requires new resident sex offenders to seek credit for out of state registration compliance, applies retroactively to Eager.
 {¶ 8} This Court applies a de novo standard of review to an appeal from a trial court's interpretation and application of a statute.Red Ferris Chevrolet, Inc. v. Aylsworth, 9th Dist. No. 07CA0072,2008-Ohio-4950, at ¶ 4. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." State v. Consilio, 9th Dist. No. 22761, 2006-Ohio-649, at ¶ 4.
 {¶ 9} The key issue in this appeal involves the interpretation of R.C. 2950.07. On March 30, 1999, an amended version of R.C. 2950.07 became effective. The new version contained the following additional provision that the previous version did not:
 "(E) An offender who has been convicted of or pleaded guilty to a sexually oriented offense in another state *** may apply to the sheriff of the county in which the offender resides or temporarily is domiciled for credit against the duty to register for the time that the offender has complied with the sex offender registration requirements of another jurisdiction. The sheriff shall grant the offender credit against the duty to register for time for which the offender provides adequate proof that the offender has complied with the sex offender *Page 4 
registration requirements of another jurisdiction. If the offender disagrees with the determination of the sheriff, the offender may appeal the determination to the court of common pleas of the county in which the offender resides or is temporarily domiciled."[1]
The State argues that R.C. 2950.07(E) applied retroactively to Eager, who registered his sexual offender status in Ohio for the first time on September 16, 1997. According to the State, Eager never applied for credit against his duty to register for the registration period that he successfully completed between June 20, 1997 and September 16, 1997. The State reasons that because Eager never sought this credit, his ten year registration requirement period was scheduled to expire ten years from the date of his first registration in Ohio (September 16, 1997), not ten years from the date of his conviction and sentence (June 20, 1997).
 {¶ 10} If Eager's registration duties were not set to expire until September 16, 1997, then the following AWA provision applies:
 "If, on or before July 1, 2007, an offender who has been convicted of or pleaded guilty to a sexually oriented offense *** and if the offender's *** duty to comply with those sections based on that offense is scheduled to terminate on or after July 1, 2007, and prior to January 1, 2008, under the version of section 2950.07 of the Revised Code that is in effect prior to January 1, 2008, notwithstanding that scheduled termination of those duties, the offender's *** duties under those sections shall not terminate as scheduled and shall remain in effect[.]" (Emphasis added.) R.C. 2950.033(A). See, also, R.C. 2950.033(A)(1)-(5) (listing the time periods that an offender's registration duties remain in effect).
AWA's provisions would require Eager to continue registering as a Tier I offender for an additional five years. R.C. 2950.07(B)(3). Eager argues that the trial court properly concluded *Page 5 
that AWA does not apply to him because his duty to register expired before July 1, 2007. The State argues that the trial court erred in determining that AWA does not apply to Eager because Eager's registration duties did not expire until October 20, 2007. According to the State, R.C. 2950.07(E) retroactively applied to Eager and Eager lost three months of credit for registering in New Hampshire by failing to apply for this credit in Ohio.
 {¶ 11} Even assuming that former R.C. 2950.07(E) retroactively applies to Eager, our review of the statute fails to convince us that he had a duty to continue registering as a sexual offender after June 20, 2007. The State argues that former R.C. 2950.07(E) requires an offender to register for credit in order to receive it, but cites no authority for this proposition. The express language of the statute indicates that an offender convicted in another state "may apply for credit against the duty to register for the time that the offender" registered in his former locale. (Emphasis added.) Former R.C. 2950.07(E). The statute only employs permissive language and fails to specify the consequences for an offender's failure to apply for such credit. That is, the statute on its face does not require that an offender apply for credit in order for out-of-state registration time to be included in the calculation of the offender's reporting period. Although the State urges this Court to infer from the statutory language that an offender's failure to apply for credit will result in a loss of any time reported in another state, this Court will not read implicit requirements into a statute where none appear. Maestle v. Best Buy Co., 100 Ohio St.3d 330, 2003-Ohio-6465, at ¶ 19. See, also, Perrysburg Twp. v. Rossford, 103 Ohio St.3d 79,2004-Ohio-4362, at ¶ 7 ("[I]t is the duty of this court to give effect to the words used, not to delete words used or to insert words not used."), quoting Cleveland Elec. Illum. Co. v. Cleveland (1988),37 Ohio St.3d 50, paragraph three of the syllabus. *Page 6 
 {¶ 12} Because former R.C. 2950.07(E) does not require an offender to apply for credit for the time he registered out of the state and fails to include any consequence for not applying for the credit, R.C. 2950.07(E) may not be employed to extend Eager's registration period beyond the ten years imposed at the time of his conviction and sentence. Eager's ten-year registration period commenced on the same day that he pled guilty and was sentenced: June 20, 1997. There is no evidence that Eager ever failed to comply with his reporting requirements. The State merely requests that Eager's registration period be extended because he did not apply for credit upon moving to Ohio. Without an express statutory indication that Eager would lose credit for the time that he registered in New Hampshire if he did not affirmatively apply for that credit in Ohio, this Court will not infer such a result. SeeMaestle at ¶ 19. Eager's registration period expired on June 20, 2007. Accordingly, AWA does not apply to Eager. See R.C. 2950.033(A) (providing that AWA applies to offenders whose registration duties are scheduled to terminate on or after July 1, 2007). The trial court did not err in concluding that Eager is not subject to AWA. The State's sole assignment of error lacks merit.
 III {¶ 13} The State's sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, P. J., DICKINSON, J. CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] R.C. 2950.07 was amended again, effective July 31, 2003. Eager argues that the State should not be able to rely upon the 1999 version of R.C. 2950.07 because the State only relied upon the 2003 version of the statute in the court below. However, Subsection (E) of both the 1999 and 2003 versions of R.C. 2950.07 indicated that an offender "may apply" for credit against his duty to register for the time that he complied with registration duties in another state. Consequently, the application of either the 1999 or 2003 version of R.C. 2950.07(E) would give rise to the same analysis. *Page 1