[Cite as *State v. Carr*, 2013-Ohio-605.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
VINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA686 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| DAVID L. CARR, | : | |
| | : | **RELEASED 02/06/13** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Francisco E. Luttecke, Ohio State Assistant Public Defender, Columbus, Ohio, for appellant.

Austin B. Campbell, Vinton County Prosecutor, McArthur, Ohio, for appellee.
_____

Harsha, J.

{¶1}   David Carr appeals his conviction for failure to provide notice of a change of residential address in violation of a sex offender registration statute. He argues because he did not have a duty to register as a sex offender, the trial court erred by denying his motion to dismiss the indictment. We agree. Because Carr committed his underlying offense prior to the Adam Walsh Act's effective date, the act's requirements do not apply to him. Consequently, he could not be prosecuted under the Adam Walsh Act. And because he was never classified under the act's predecessor, Megan's Law, he could not be prosecuted under that law either. Therefore, the trial court erred by denying his motion to dismiss the indictment.

I. FACTS

{¶2}   Although the record is not entirely clear, in either 1983 or 1984, David Carr was convicted of first-degree sexual assault, along with other offenses in West Virginia.

After serving his sentence, Carr was released from prison in July or August 2008. Thereafter, Carr moved to Ohio and was classified as a Tier III sex offender under 2007 Am.Sub.S.B. No. 10 (S.B. 10), Ohio's version of the Adam Walsh Act.

**{¶3}** On April 7, 2010, a Vinton County grand jury indicted Carr with one count of failure to notify of an address change, in violation of R.C. 2950.05, a first-degree felony. The indictment alleged that Carr was a sexually oriented offender, having been convicted in West Virginia of sexual assault; therefore, he was required to register as a sex offender under R.C. 2950.04 and failed to notify the Vinton County Sheriff at least 20 days prior to changing his residential address. Carr filed a pro se motion to dismiss the indictment claiming that he did not have a duty to register as a sex offender under R.C. 2950.04. After the trial court denied the motion, Carr pleaded no contest to failure to notify of an address change, in violation of R.C. 2950.05(F)(2), a third-degree felony. The trial court found him guilty, and sentenced Carr to two years imprisonment. Carr now appeals his conviction.

## II. ASSIGNMENTS OF ERROR

**{¶4}** Carr raises two assignments of error for our review:

**{¶5}** 1. "THE TRIAL COURT ERRED AND VIOLATED MR. CARR'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT FOUND THAT MR. CARR HAD A DUTY TO REGISTER AS A SEX OFFENDER IN OHIO AND DENIED HIS MOTION TO DISMISS HIS INDICTMENT."

**{¶6}** 2. "THE TRIAL COURT ERRED AND VIOLATED MR. CARR'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT FOUND THAT MR. CARR HAD A DUTY TO REGISTER AS A SEX OFFENDER IN WEST VIRGINIA AND DENIED HIS MOTION TO DISMISS HIS INDICTMENT."

## III. LAW AND ANALYSIS

{¶7}    On appeal, Carr argues that the trial court erred by denying his motion to dismiss the indictment filed against him.  He claims that he did not have a duty to register as a sex offender in either Ohio or West Virginia.  Because the issues are related we address his assignments of error together.  *See Keffer v. Cent. Mut. Ins. Co.*, 4th Dist. No. 06CA652, 2007-Ohio-3984, ¶ 8, fn. 2.

{¶8}    Crim.R. 12(C) empowers trial courts to rule on "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue."  Accordingly, "[u]nder Crim.R. 12(C)(2), trial courts may judge before trial whether an indictment is defective.  Without a doubt, an indictment is defective if it alleges violations of R.C. Chapter 2950 by a person who is not subject to that chapter."  *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, ¶ 23.  Therefore, when an indictment depends on the unconstitutional application of law, dismissal is appropriate.  *Id.*

{¶9}    Since the time of Carr's sexual assault conviction, "Ohio's sex-offender laws have changed dramatically."  *Palmer* at ¶ 6, citing *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 3-28 (detailing the General Assembly's efforts to strengthen Ohio's sex-offender laws).  Ohio first enacted comprehensive sex-offender regulations in 1996, as Megan's Law. *Palmer* at ¶ 6.  "The regulations did not apply to offenders who * * * completed their sex-offense prison sentences before July 1, 1997." *Id.*, citing former R.C. 2950.04(A).  However in 2007, S.B. 10, enacted as the Adam Walsh Act (AWA) and codified in chapter 2950 of the revised code, replaced Megan's Law.  *Palmer* at ¶ 7.  And unlike Megan's Law, the AWA sweepingly applies to sex offenders regardless of when their offenses occurred.  *Id.*

{¶10} Carr claims that he does not have a duty to register in Ohio or West Virginia. He argues that because he committed his underlying offense before the AWA's enactment, the act does not apply to him and for various other reasons he did not have a duty to register under Megan's Law. The state however argues that Carr's duty to register in Ohio stems from R.C. 2950.04(A)(4), which requires individuals convicted in another state to register in Ohio, regardless of when the sexual offense was committed, if, at the time the offender moves here he has a duty to register as sex offender under the law of the other jurisdiction. The state bases this argument on the fact that in 2008, Carr signed a "Notification of Sex Offender Responsibility" and acknowledged that he must register as a sex offender in West Virginia.

{¶11} The Supreme Court of Ohio recently found that S.B. 10 creates and imposes new burdens, duties, obligations and liabilities on individuals who committed sex offenses before its enactment. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 20. This is so because prior to S.B. 10's enactment R.C. Chapter 2950 was remedial, but due to S.B. 10's "significant changes to the statutory scheme" the Court found the law is now undoubtedly punitive. *Id.* at ¶ 16, 20. Thus, "[t]he prohibition on retroactivity of the Ohio Constitution, Article II, Section 28, forbids the application of the Adam Walsh Act to *any offense committed before the law's enactment.*" (Emphasis added.) *Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, at ¶ 25, citing *Williams* at ¶ 21. And because there is no question that Carr committed his sexual offense before the AWA's enactment in 2007, its requirements do not apply to him. *See Palmer* at ¶ 25. *See also In re Bruce S.*, Slip Opinion, No. 2012-Ohio-5696, ¶ 12 (concluding the notification requirements of the AWA cannot be applied

to persons who committed their underlying crimes prior to the effective date of the AWA, i.e. January 1, 2008).

**{¶12}** We recently considered another appeal filed by Carr, in which he raised similar issues. *See State v. Carr*, 4th Dist No. 11CA3256, 2012-Ohio-5425. In that appeal although Carr also claimed that he did not have a duty to register as a sex offender in Ohio, he based the argument on his Tier III sex offender classification. He contended that his classification violated Ohio's Retroactivity Clause because under Ohio law at the time of his West Virginia conviction, he had no duty to register. *Id.* at ¶ 9. We held that because Carr committed his sex offense prior to S.B. 10's enactment, his Tier III sex offender classification was unconstitutional. *Id.* at ¶ 10. Because Carr's prosecution for failure to notify the sheriff's office of his new address in that case was based on his unconstitutional S.B. 10 classification, we found that he was improperly prosecuted as a Tier III offender and reversed his conviction. *Id.* at ¶ 15. However, we also noted that although Carr did not raise the issue, "application of S.B. 10's version of R.C. 2950.04(A)(4) to him apparently would likewise violate Ohio's Retroactivity Clause under the broad language of the *Williams* syllabus." *Id.* at ¶ 11, fn. 1.

**{¶13}** Even though the state argues that Carr's prosecution was based on his duty to register under R.C. 2950.04(A)(4) in West Virginia, because the Supreme Court of Ohio has broadly stated that it is unconstitutional to apply the AWA to any defendant who committed his offense prior to the act's effective date, Carr cannot be prosecuted under that section of the law. *See Williams*, *supra* and *In re Bruce S.*, *supra*.

**{¶14}** Since our decision in *Carr*, the Supreme Court of Ohio has also released its opinion in *State v. Brunning*, Slip Opinion, No. 2012-Ohio-5752, addressing whether

a defendant can be convicted of a failure to provide notice of a change of address under Megan's Law when he was indicted for a notice violation under the AWA. In *Brunning*, the defendant was originally classified under Megan's Law as a sexually oriented offender, and then reclassified in 2008 as a Tier III sex offender under the AWA. *Id.* at ¶ 3. The Court explained that although the AWA's notification requirements did not apply to the defendant because his Tier III sex offender reclassification was unconstitutional, his original classification under Megan's Law as a sexually oriented offender was still effective. *Id.* at ¶ 14-15. Accordingly, the Court held that "offenders originally classified under Megan's Law have a continuing duty to abide by the requirements of Megan's Law." *Id.* at ¶ 31. And furthermore, a defendant's conviction for violating the AWA need not be vacated, "when the offender, originally classified under Megan's Law, was indicted for a violation of the AWA that also constitutes a violation under Megan's Law." *Id.*

{¶15} Although both parties raise the issue of whether Carr's conviction is proper on the ground that he would have been required to notify the sheriff of a change of address under Megan's Law, nothing in the record shows that Carr has ever been classified under Megan's Law. And in fact, because he was not released from prison in West Virgina until July/August 2008, and the AWA became effective January 1, 2008, it appears doubtful that Megan's law was ever applied to him. Thus, the registration and reporting requirements under that law do not currently apply to him and he cannot therefore be convicted of failing to comply with its requirements. *See Brunning* at ¶ 31; *Carr*, 4th Dist No. 11CA3256, 2012-Ohio-5425, at ¶ 13.

IV. CONCLUSION

{¶16}  Because Carr committed his underlying offense before the effective date of the Adam Walsh Act and was never been classified under Megan's Law, his prosecution for failure to notify of an address change violates Ohio's Retroactivity Clause and the trial court erred by not dismissing the indictment against him.  We reverse the trial court's judgment and remand this case for an order consistent with our decision.  Furthermore, our resolution of his first assignment of error makes his second assignment of error moot and we need not address it.  *See* App.R. 12(A)(1)(c).

JUDGEMENT REVERSED AND
CAUSE REMANDED.

Kline, J., dissenting.

{¶17}  I respectfully dissent.  Carr was convicted of 1st Degree Sexual Assault in West Virginia.  And because Carr had a duty to register as a sex offender under the law of West Virginia, he also had a duty to register in Ohio under Megan's Law.  *See Doe v.*

*Leis*, 1st Dist. No. C-050591, 2006-Ohio-4507, ¶ 5, citing the former R.C.

2950.04(A)(3)(a).  Therefore, I would affirm Carr's conviction based on a violation of

Megan's Law.  *See State v. Brunning*, --- Ohio St.3d ----, 2012-Ohio-5752, --- N.E.2d ----

, ¶ 23-27 (The defendant's "conviction was predicated on a requirement that has never

been declared unconstitutional and that [the defendant] has never been released from

obeying: the requirement of notifying the sheriff of a change of address under the

Megan's Law version of R.C. 2950.05.").

     **{¶18}**  Accordingly, I respectfully dissent.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J.:  Concurs in Judgment and Opinion.
Kline, J.:  Dissents with Opinion.


For the Court


BY: _____
     William H. Harsha, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**