[Cite as *Hall v. State*, 2021-Ohio-3363.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SAMANTHA HALL, | : | APPEAL NO. C-200308 |
| | | TRIAL NO. SP-1400012 |
| Petitioner-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| STATE OF OHIO, | : | |
| Respondent-Appellee. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: September 24, 2021

*Law Office of Angela Glaser* and *Angela Glaser*, for Petitioner-Appellant,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Respondent-Appellee.

**BERGERON, Presiding Judge.**

{¶1} Samantha Hall is a sexual-offender registrant from the state of Kentucky, who settled in Ohio in 2012 following her release from prison. After receiving an automatic classification as a sexual predator in Ohio, she petitioned for reclassification under former R.C. 2950.09(F) and removal of her sexual-offender classification imposed by the Hamilton County sheriff. The trial court denied her petitions, prompting this appeal. In light of the record at hand, we hold that the Kentucky offense of sodomy in the second degree is substantially similar to the Ohio offense of gross sexual imposition under R.C. 2907.05(A)(4), and thus we affirm the judgments of the trial court.

I.

{¶2} In 1992, a Kentucky court convicted Ms. Hall of three counts of sodomy in the second degree. The record established that Ms. Hall forcibly committed sexual acts on her 11-year-old niece and her own infant children. As a result of her convictions, Ms. Hall was required to register every 90 days for life on the Kentucky Criminal Offender Registry.

{¶3} After Ms. Hall's release from prison in 2012, she moved to Ohio and was automatically classified as a sexual predator under former R.C. Chapter 2950, Megan's Law, by virtue of her lifetime reporting requirement in Kentucky. After several years in Ohio, Ms. Hall petitioned for reclassification under former R.C. 2950.09(F) and credit for previous registration under former R.C. 2950.07(E). She also requested vacatur of the classification imposed by the Hamilton County sheriff. Ms. Hall argued, among other things, that her Kentucky convictions for sodomy were not substantially equivalent to any Ohio offense. The state objected, emphasizing similarities with the Ohio offenses of sexual battery under R.C. 2907.02 and gross sexual imposition under R.C. 2907.05.

**{¶4}** Following a hearing, the trial court determined that the statute that Ms. Hall was convicted under (i.e., KRS 510.080) is substantially equivalent to gross sexual imposition under R.C. 2907.05(A)(4). The court accordingly denied Ms. Hall's petition for reclassification and motion for vacatur of her sexual-predator classification. Ms. Hall now appeals from that judgment.

II.

**{¶5}** In Ms. Hall's sole assignment of error, she contends that the trial court erred in determining that the Kentucky offense of sodomy in the second degree is substantially equivalent to the Ohio offense of gross sexual imposition under R.C. 2907.05(A)(4).

**{¶6}** We apply a two-step analysis to determine if an out-of-state offense is substantially equivalent to an Ohio offense set forth in *State v. Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, ¶ 31. First, we "must * * * look only to the fact of conviction and the elements of the relevant criminal statutes, without considering the particular facts disclosed by the record of conviction." *Id.* We need not find that the statutes are identical, however, because "the Ohio statutory phrase '*substantially* equivalent' expressly leaves room for potential distinctions between the out-of-state statute and the relevant Ohio statute." *Id.* at ¶ 28.

**{¶7}** If we "cannot discern from a comparison of the statutes whether the offenses are substantially equivalent," then we move to the second step. *Id.* at ¶ 31. During the second-step, we "may go beyond the statutes and rely on a limited portion of the record" for cases where the "factfinder was required to find all the elements essential to a conviction under the listed Ohio statute." *Id.* At this step, we may consider the indictment, plea agreements, transcripts, presentence reports, factual findings, legal conclusions from a bench trial, and similar portions of the record. *See id.*

3

{¶8}   We review the trial court's finding of substantial equivalence de novo because it fundamentally poses a question of statutory interpretation. *See id.* at ¶ 29-31; *State v. Thomas*, 2016-Ohio-501, 56 N.E.3d 432, ¶ 5 (1st Dist.) ("Questions of statutory interpretation are reviewed de novo.").

A.

{¶9}   In the present case, Ms. Hall was convicted of sodomy in the second degree under KRS 510.080, which provides "(1) [a] person is guilty of sodomy in the second degree when:  (a) being eighteen (18) years old or more, he or she engages in deviate sexual intercourse with another person less than fourteen (14) years old." Under KRS 510.010(1), " '[d]eviate sexual intercourse' means any act of sexual gratification involving the sex organs of one person and the mouth or anus of another; or penetration of the anus of one person by any body part or a foreign object manipulated by another person."

{¶10}   We must decide whether KRS 510.080 is substantially equivalent to Ohio's crime of gross sexual imposition, R.C. 2907.05(A)(4), which provides "(A) [n]o person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more persons to have sexual contact when any of the following applies:  * * * [t]he other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person[.]" " 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶11}   Ohio courts consider the mental state required to commit each offense when assessing the substantial equivalence of the pertinent statutes. *See, e.g., Lloyd*,

132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, at ¶ 38 (Ohio statute including a purposeful mental state was substantially equivalent to a Texas statute including an intentional mental state); *Hollis v. State*, 2020-Ohio-2924, 154 N.E.3d 572, ¶ 11-12 (1st Dist.) (emphasizing distinction between Florida offense imposing strict liability and Ohio offense requiring the defendant to know the victim was between 13 and 16 years old, or act recklessly with regard to the victim's age); *Phipps v. Ohio*, 2018-Ohio-720, 107 N.E.3d 754, ¶ 13 (1st Dist.) (emphasizing distinction between New York strict-liability offense and an Ohio statute that required a knowing or reckless mental state with respect to age); *State v. Collier*, 8th Dist. Cuyahoga Nos. 100906, 101235 and 101272, 2014-Ohio-5683, ¶ 22, *appeals not accepted*, 143 Ohio St.3d 1405, 2015-Ohio-2747, 34 N.E.3d 133 (Ohio statute with knowing or reckless mental state contrasted with Illinois strict-liability statute).

{¶12} Ohio courts may also consider the age range of the victims and perpetrators under each statute during this analysis. *See, e.g.*, *Hollis* at ¶ 11-12 (pointing out distinction between Ohio statute requiring victims to be between 13 and 15 and perpetrator to be over 18, whereas Florida statute protected victims between 12 and 16 and did not have an age limit for the perpetrator); *Phipps* at ¶ 13-14 (statutes differed when Ohio statute required victims to be between 13 and 15, while New York statute protected victims under 17); *Collier* at ¶ 16-19 (contrasting Ohio statute requiring victims be between 13 and 15 with Illinois statute requiring victim be between 13 and 17 and the accused be at least five years older than the victim).

{¶13} In this case, like *Hollis*, *Phipps* and *Collier*, the ages of the victims and the perpetrators in the out-of-state statutes differ from the ages of the victims and the perpetrators under the Ohio statute. But unlike in *Hollis*, *Phipps* and *Collier*, the mental state required for a violation of the Kentucky statute is the same as that

required for a violation of the Ohio statute—both are strict-liability statutes. We also note that the Kentucky statute bars deviate sexual intercourse, which involves the mouth or anus, whereas the Ohio statute more broadly bars sexual contact with persons in the protected age range. In light of various differences between each of these statutes, we cannot determine whether the offenses are substantially equivalent from a simple comparison of the statutes. *See State v. Reynolds*, 1st Dist. Hamilton No. C-140096, 2014-Ohio-5159 (where the out-of-state statute required proof of both intent and recklessness and the Ohio statute required a mens rea of knowingly, the case presented one of those instances where the court could not tell from a comparison of the statutes whether the offenses were substantially equivalent).

B.

{¶14} As a result, we turn now to the second step in the analysis. Here, we may consider a limited portion of the record to determine if the Kentucky court that convicted Ms. Hall was required to find all the elements essential to a conviction under the relevant Ohio statute. *Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870, at ¶ 31.

{¶15} The record reveals that Ms. Hall forcibly committed sex acts with her 11-year-old niece and infant children (five months old and a year and a half old at the time). Although the statutes have different age requirements for victims and perpetrators, those age ranges make no difference here because these victims and the perpetrator meet the age requirements of both statutes. Moreover, while the Kentucky statute required the trial court to find that Ms. Hall committed an act that involved the sex organs of one person and the mouth or anus of another, including penetration of the anus by body part or foreign object, the Ohio statute more broadly prohibits any sexual contact with an erogenous zone of another including the thigh, genitals, buttock, pubic region or breast. The Ohio statute would encompass the

sexual contact prohibited by the Kentucky statute, including that perpetrated by Ms. Hall in the case at hand. And since each statute includes the same mental state, the Kentucky court was required to find all the elements necessary to establish a conviction under Ohio's gross-sexual-imposition statute. In light of the record, there is no serious question that Ms. Hall's conduct would constitute gross sexual imposition under the Ohio statute.

{¶16} We hold that the trial court did not err in finding that the Kentucky offense of sodomy in the second degree is substantially equivalent to the Ohio offense of gross sexual imposition under R.C. 2907.05(A)(4) on this record. Ms. Hall's assignment of error is overruled and the judgments of the trial court are affirmed.

Judgments affirmed.

CROUSE and BOCK, JJ., concur.

Please note:

The court has recorded its own entry this date.