[Cite as *State v. Irby*, 2026-Ohio-2208.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO.  C-250536 |
| | | TRIAL NO.    B-2404032 |
|     Plaintiff-Appellee, | : | |
| vs. | : | |
| ULYSSES F. IRBY, | : | |
| | | *JUDGMENT ENTRY* |
|     Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the appellant is discharged.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 6/12/2026 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Irby*, 2026-Ohio-2208.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :          APPEAL NO.   C-250536
                                             TRIAL NO.    B-2404032
     Plaintiff-Appellee,       :

  vs.                            :

ULYSSES F. IRBY,                  :          *O P I N I O N*

     Defendant-Appellant.      :

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: June 12, 2026

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *John D. Hill, Jr.,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}    Defendant-appellant Ulysses Irby has appealed his conviction for failing to verify his current address.  We hold that the trial court erred in denying Irby's motion to dismiss the indictment, because Irby had fulfilled his registration requirements under Ohio law and he is no longer required to register as a sexually oriented offender.  We reverse the trial court's judgment convicting Irby of failing to verify his current address and discharge him from further prosecution.

### I.  Factual and Procedural History

{¶2}    In 2002, in Minnesota, Irby was convicted of criminal sexual contact.  Upon his release from prison, Irby was required to register as a sex offender for ten years under Minnesota law.  If he had registered as required in Minnesota, he would have completed his Minnesota registration requirements in 2015.  But his registration period was extended under Minnesota law for his failing to register, and the registration period was tolled while he was in prison.  According to the State, with the added registration time, Irby's period of registration was extended under Minnesota law until March 2037.

{¶3}    Irby moved to Ohio in April 2021.  At that time, he was classified by the Hamilton County Sheriff as a sexually oriented offender under Ohio's version of Megan's Law, which meant that he had an annual, ten-year registration requirement in Ohio.[1]  From April 13, 2021, to July 18, 2024, he registered with the Hamilton County Sheriff's Office.  According to the sheriff's registration form, Irby was required to verify his address on July 19, 2024, which he failed to do.  On August 23, 2024, Irby

---

[1] Irby is classified as a "(Pre AWA) sexually oriented offender."  Because Irby committed his crime before January 1, 2008, he is subject to Ohio's version of Megan's Law.  *See State v. Howard*, 2012-Ohio-5738, ¶ 17.

was indicted for failing to verify his current address on August 5, 2024, a felony of the third degree.

**{¶4}** Irby filed a motion to dismiss the indictment. He argued that if he was credited for the time he properly registered in Ohio and Minnesota, his ten-year registration requirement under Ohio law had expired and he no longer had a duty to register. The trial court denied his motion. The court found that "Ohio, by statute, defers to Minnesota law in this situation," and that because Irby had a duty to register in Minnesota until March 10, 2037, he was required to register in Ohio until that date.

**{¶5}** Irby pleaded no contest.[2] The trial court found him guilty and sentenced him as appears of record. Irby has appealed.

## II. Analysis

**{¶6}** This court reviews the trial court's denial of a motion to dismiss de novo. *State v. Thompson*, 2013-Ohio-2647, ¶ 4 (1st Dist.). Crim.R. 12(C)(2) permits the trial court to judge before trial whether the indictment is defective. If the indictment alleges violations of R.C. Ch. 2950 by a person who is not subject to that chapter, it is defective. *State v. Palmer*, 2012-Ohio-580, ¶ 23; *State v. Carr*, 2013-Ohio-605, ¶ 8 (4th Dist.).[3]

**{¶7}** An out-of-state sex offender's duty to register in Ohio is governed by Ohio law, not the law of the other jurisdiction. *See State v. Lloyd*, 2012-Ohio-2015 (setting forth the analysis a court must follow in determining whether an out-of-state offender required to register in another jurisdiction has a duty to register in Ohio and

---

[2] We note that the trial court's judgment entry of sentence erroneously states that Irby pleaded guilty, but it is clear from the transcript of the proceedings and the representations of the parties that Irby pleaded no contest, and the trial court found him guilty based on that no-contest plea.
[3] Both *Palmer* and *Carr* involved defendants who were indicted under Ohio's version of the Adam Walsh Act but had committed their offenses before its enactment. Therefore, they were not subject to the Adam Walsh Act and could not be prosecuted under it.

stating that an offender has to register in Ohio only if the out-of-state sex offense is "substantially similar" to an Ohio sex offense); *State v. Hall*, 2021-Ohio-3363 (1st Dist.); *Hollis v. State*, 2020-Ohio-2924 (1st Dist.) (Florida sex offender required to register for life in Florida not required to register in Ohio where the Florida offense was not substantially similar to an Ohio sex offense); *Phan v. Leis*, 2006-Ohio-5898 (1st Dist.) (Illinois sex offender required to register in Illinois not required to register in Ohio because he was not convicted of an offense registrable under Ohio law).

{¶8} Megan's Law out-of-state offenders are subject to Ohio's sex-offender-registration statutes under former R.C. 2950.04(A)(3). *State v. King*, 2015-Ohio-3565, ¶ 8 (1st Dist.). "Former R.C. 2950.04(A)(3) imposes registration duties on offenders who come to Ohio after having been convicted of a sex offense in another jurisdiction." *State v. Schilling*, 2023-Ohio-3027, ¶ 29. Under former R.C. 2950.04(A)(3), a person who committed a sex offense in another jurisdiction is required to register as a sex offender in Ohio if, at the time the offender moves to Ohio, the offender has a duty to register as a sex offender under the law of the other jurisdiction. *King* at ¶ 8. The duty to register under Ohio's version of Megan's Law for those offenders commences on the date the offender moves to Ohio. *See Schilling* at ¶ 33.

{¶9} Former R.C. 2950.07(E) provides a way for an out-of-state offender moving to Ohio to get credit against his Ohio registration requirement for the time he complied with the sex-offender-registration requirements in the other jurisdiction. The statute provides that the offender "may apply to the sheriff . . . for credit against the duty to register for the time that the offender has complied with the sex offender registration requirements of another jurisdiction." The sheriff "shall grant the requested credit if the offender provides adequate proof that the offender has

complied with the sex offender registration requirements of another jurisdiction." Former R.C. 2950.07(E). Irby did not apply for credit under former R.C. 2950.07(E).

### A. Assignment of Error

**{¶10}** Irby's sole assignment of error states, "The trial court erred when it denied Mr. Irby's motion to dismiss as he did not have a duty to verify his current address." Irby argues that he no longer has a duty to register because, based on the number of days he registered in Minnesota and Ohio, he has registered for the required ten-year period. Irby acknowledges that he was, at times, not compliant with the registration requirements. But, he argues, if you add the time he was compliant in Ohio with the time he was compliant in Minnesota, he has completed the ten-year registration requirement. Irby argues, citing *Eager v. State*, 2008-Ohio-6742 (9th Dist.), that he was not required to apply for credit under former R.C. 2950.07(E) to be entitled to the credit for the time he registered in Minnesota.

**{¶11}** The State argues that former R.C. 2950.07(E) creates a "statutory choice-of-law," requiring deference to Minnesota law that, due to tolling and added time for failing to register, requires Irby to register until March 10, 2037. The State argues that Irby's repeated failure to register in Minnesota does not constitute "compliance" for which he is entitled to credit. The State also argues that since Irby did not apply for credit under former R.C. 2950.07(E) he is not entitled to credit for any time he registered in Minnesota. We disagree with the State's arguments.

**{¶12}** Contrary to the State's argument, there is no "statutory choice-of-law." Irby's duty to register is governed by Ohio law. *See Lloyd*, 2012-Ohio-2015; *Hall*, 2021-Ohio-3363 (1st Dist.); *Hollis*, 2020-Ohio-2924 (1st Dist.); *Phan*, 2006-Ohio-5898 (1st Dist.). Irby is not required to register in Ohio until March 10, 2037. Ohio law clearly states that an out-of-state offender, such as Irby, who moves to Ohio while

6

required to register in another jurisdiction is subject to registration in Ohio under former R.C. 2950.04. When Irby moved to Ohio in April 2021, he had a duty to register under Minnesota law. He was classified as a sexually oriented offender in Ohio, which required him to register annually for ten years. Former R.C. 2950.04. That ten-year duty commenced when he moved to Ohio. It is undisputed that Irby registered in Ohio from April 13, 2021, to July 19, 2024.

{¶13} The State also argues that Irby is not entitled to credit against his Ohio registration requirement for the time he registered in Minnesota because he did not request credit under former R.C. 2950.07(E).

{¶14} The Ninth District held in *Eager*, 2008-Ohio-6742 (9th Dist.), that a sex offender was not required to apply for credit in order for his out-of-state registration time to be included in the calculation of his Ohio reporting period. Eager had been convicted of sexual assault in New Hampshire and had been classified as a sexually oriented offender. When Eager moved to Ohio, he had a duty to register annually for ten years. He registered as a sexually oriented offender in Ohio on September 16, 1997. Eager believed that his Ohio registration requirement expired on June 20, 2007, ten years from the date he had been sentenced in New Hampshire, which would include the time he registered in New Hampshire. The State argued that his duty to register under Ohio law expired on September 16, 2007, ten years from the date he began registering in Ohio, and not on June 20, 2007. Eager had not applied for credit under former R.C. 2950.07(E). He filed a motion to be relieved of his duty to register, which the trial court granted, and the Ninth District affirmed.

{¶15} The Ninth District held that Eager was entitled to credit for the time he registered in New Hampshire even though he did not apply for credit under former R.C. 2950.07(E). This was because, the Ninth District held, the statute on its face was

permissive; it did not require the offender to apply for credit. It stated that the offender *may* apply for credit. And the statute contained no consequences for failing to apply for credit. Therefore, the statute could not be employed to extend the offender's Ohio registration period beyond ten years, which included the time that he had registered in New Hampshire. The Ninth District stated, "Without an express indication that Eager would lose credit for the time he registered in New Hampshire if he did not affirmatively apply for that credit in Ohio, this Court will not infer such a result." *Id*. at ¶ 12.

{¶16} We agree with the Ninth District's reasoning in *Eager* and hold that where Irby filed a motion to dismiss the indictment for failing to verify his current address on the basis that he has no duty to register because he has fulfilled his Ohio registration requirements, he must be given credit for the time he registered in Minnesota if he can prove he is entitled to it, even if he failed to apply for credit under former R.C. 2950.07(E). Having no duty to register because Irby has fulfilled his Ohio registration requirements would be a proper basis on which to dismiss the indictment. *See Palmer*, 2012-Ohio-580, at ¶ 23; *Carr*, 2013-Ohio-605, at ¶ 8 (4th Dist.).

{¶17} Irby argues that if the time he complied with his registration duties in Ohio is added to the time he properly registered in Minnesota, he has completed his ten-year registration requirement under Ohio law. Attached to Irby's motion to dismiss the indictment is a document entitled "Minnesota Predatory Offender Registration," which shows Irby's registration in Minnesota. Also attached to his motion is the Ohio notice of registration duties, which shows that Irby registered on July 19, 2023, and that his next registration date is July 19, 2024. That document does not state when Irby began registering in Ohio. In Irby's motion to dismiss, he stated that the Hamilton County Sheriff's Office confirmed that his initial Ohio registration

date was April 13, 2021, and his end date was April 13, 2031. There was no documentation attached to the motion to confirm this, but the State does not dispute these dates because in its brief it refers to April 13, 2021, as the beginning date of Irby's registration duty in Ohio, and April 13, 2031, as the end date of Irby's Ohio registration duties.

**{¶18}** Irby presented documentary evidence, attached to his motion to dismiss, that he has complied with Ohio's ten-year registration requirement, if the time he registered in Ohio is added with the time he registered in Minnesota. The State does not dispute the times listed on the documents, but it argues that Irby should not receive credit for the time he registered in Minnesota because he, at times, was not compliant. Since Irby could not show a continuous ten-year period of compliance with his registration requirements, the State argues, he is not entitled to credit for the time he was compliant.

**{¶19}** But former R.C. 2950.07(E) provides that an out-of-state offender is entitled to credit against his Ohio registration requirement for the time he "complied with the sex offender registration requirements of another jurisdiction," and that the sheriff "shall grant the requested credit" if the offender proves that he has complied with the registration requirements of another jurisdiction. It does not say that an offender cannot get credit for the time he registered if he at any time failed to register.

**{¶20}** The exhibits attached to Irby's motion to dismiss the indictment show that he has registered for the ten-year period required under Ohio law, even if he has, at times, not been compliant. Since Irby has shown that he has registered for the required ten-year period, he is no longer required to register. The trial court erred in failing to grant his motion to dismiss the indictment. Irby's assignment of error is sustained.

### *III. Conclusion*

**{¶21}** Irby's assignment of error is sustained, the judgment of the trial court convicting Irby of failing to verify his current address is reversed, and Irby is discharged from further prosecution.

Judgment reversed and appellant discharged.

**NESTOR** and **MOORE, JJ.,** concur.